[Cite as *Shaner v. Perry Cty. Agriculture Soc.*, 2026-Ohio-2879.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JOE B. SHANER | Case No. 2026-00028PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| PERRY COUNTY AGRICULTURE SOCIETY | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) enter judgment for respondent, and (2) order requester to bear the costs of this case.

**I.   Background**

**A.  The public-records request**

{¶2} On October 29, 2025, Requester Joe B. Shaner hand-delivered a public-records request to members of Respondent Perry County Agricultural Society. *Complaint, filed Jan. 9, 2026*, p. 4, ¶ 1; *Req. Evidence, filed May 8, 2026*, p. 2, 7. The request asked for

> 1. Treasurer's reports, meeting minutes, and any audit records for the period October 31, 2022 through October 31, 2025 (36 months). 2. All contracts regarding or with Dan Kinsel, including any gate contracts, and all agreements related to the Perry County Gun Bash, Y City Gun Bash, and the Perry County Fair Board. 3. All contracts or agreements between the Perry County Livestock Committee and the Perry County Fair Board. 4. Restroom cleaning or maintenance contracts in effect or executed during the same time period.

*Compl.*, p. 6; *Req. Ev.*, p. 7.

{¶3} In a letter dated January 5, 2026, the Agricultural Society responded to the request with records. *Req. Ev.*, p. 19-20. In a letter dated January 7, 2026, the Agricultural Society invoiced Requester for 683 pages of responsive records. *Req. Ev.*, p. 21. The Agricultural Society noted that the records provided were redacted in compliance with R.C. 149.45 and trade secret public-records exceptions. *Req. Ev.*, p. 20.

### B. Procedural history

{¶4} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Apr. 27, 2026*.

## II. Analysis

### A. Requester is not entitled to R.C. 149.43(B) relief.

{¶5} **Production.** Providing requested records generally renders a public-records claim moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8; *Kearns v. Boardman Twp. Police Dept.*, 2025-Ohio-475, ¶ 7 (public-records claim mooted when records provided during litigation), adopted at Ct. of Cl. No. 2024-00776PQ (Mar. 19, 2025). "An event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Dupuis* at ¶ 8. A public-records case can be mooted by the respondent producing the responsive records during litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶6} The Agricultural Society produced evidence that the requested records were provided to Requester. *Resp. Evidence, filed May 11, 2026*. Approximately 680 pages of redacted minutes and reports were made available to Requester in early January 2026. *See id.*, p. 4-6; *Req. Ev.*, p. 19-21. These records were also filed on the public docket and served on Requester. *Resp. Ev.*, p. 7-688. The production claim regarding these records is therefore moot.

{¶7} Requester argues that further responsive records exist and were not provided to him. *Req. Reply, filed Jun. 2, 2026*, p. 1-2. To compel production of public records through Revised Code 2743.75, a requester must "plead and prove facts" demonstrating a request for "an identifiable public record" and the public office's denial of that request. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "When a

public office attests that it does not have responsive records, the [requester] . . . bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13. This Court has held the same. *Ackley v. Washington Court House Police Dept.*, 2025-Ohio-2882, ¶ 13-15, adopted 2025-Ohio-4333 (Ct. of Cl.); *Dye v. City of Cleveland*, 2025-Ohio-4330, ¶ 13 (Ct. of Cl.).

{¶8} The parties agree that further responsive records exist. *See Sell v. Trumbull Cty*. Juv. Div., 2024-Ohio-6139, ¶ 6 (Ct. of Cl.) (noting "some evidence" of the existence of records may be sufficient). The Agricultural Society asserts that these records (specifically, treasurer reports for October 2022 through 2023) are in the possession of the Auditor of State. *Resp. Response, filed May 2, 2025*, p. 5; *see also, Resp. Ev.*, p. 4. The Agricultural Society argues that because those records are not in its possession, it does not have a duty to provide copies to Requester in response to a public-records request. *Resp. Response,* p. 5. Requester does not introduce evidence to rebut the Agricultural Society's contention that the records are currently in the Auditor's possession. Requester does argue, however, that possession by the Auditor does not relieve the Agricultural Society from its duty to provide copies of those records. *Req. Reply,* p. 1-2.

{¶9} In general, a "public office does not have a clear legal duty to furnish records that are not in its possession or control." *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 11; *see also State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-2475, ¶ 16 (no public-records duty to retrieve records from another correctional institution); *State ex rel. Gilreath v. Cuyahoga Job & Family Servs*., 2024-Ohio-103, ¶ 28-30 (state agency had no public-records duty to obtain emails that were created or received by county agency). Here, there is no duty for the Agricultural Society to retrieve records that are currently in the possession of another government agency. *See State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 28 (holding municipal-court clerk did not have a duty to obtain and produce records that were in the possession of a municipal-court judge).

{¶10} I therefore recommend that the court find Requester is not entitled to any further production of responsive records.

{¶11} **Redactions.** If records are withheld from release based on a public-records exception, the public office must "prove facts clearly establishing the applicability of the

exception." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27. The public office "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception," and courts "resolve any doubt in favor of disclosure." (Cleaned up.) *Id*. at ¶ 27. The public office must produce extrinsic evidence if the applicability of the exception is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at ¶ 35. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at ¶ 35.

{¶12} The Agricultural Society argues that redactions were made to non-record material in the responsive records. *Resp. Response*, p. 2-4. The responsive records provided to Requester included copies of checks, and related documents, issued by the Agricultural Society. *See, e.g., Resp. Ev.*, p. 68- 69. The Agricultural Society argues that it redacted the payor signature, signature block, and account number (routing and account number) from these records. *Id*. The Agricultural Society did not elect to file the unredacted records for *in camera* review by the court.

{¶13} After review of the redacted records filed on the public docket, it is apparent from the face of the records that redactions were applied to the material noted by the Agricultural Society (payor signature, signature block, and full account number). *Resp. Ev.*, p. 7-688. This court has held that this information does not meet the definition of public record and is not required to be disclosed in response to a public-records request. *Ebersole v. City of Powell*, 2019-Ohio-3073, ¶ 35 (5th Dist.) (affirming *Ebersole v. City of Powell*, 2018-Ohio-5011 (Ct. of Cl.)).

{¶14} I therefore recommend that the court find that the responsive records were appropriately redacted and Requester is not entitled to relief on this claim.

{¶15} **Delay.** Requester also argues that the Agricultural Society failed to produce records within a reasonable time. *Compl.*, p. 2-3; *Req. Ev.*, p. 4. "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11. Whether a public office has provided records within a reasonable time depends upon all the pertinent facts and circumstances of the case. *Id*. at ¶ 12. The requester bears the burden of demonstrating

that a public office's response was unreasonably delayed. *Id*.; *Diebert v. Lafferty*, 2022-Ohio-2919, ¶ 28 (same), adopted 2022-Ohio-3052 (Ct. of Cl.).

{¶16} Generally, public offices are allowed more time to respond to requests that involve large volumes of records or intensive legal review and redaction. *See State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶ 46-49 (8th Dist.); *Miller v. Ohio Dept. of Education*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 19 (10th Dist.). It appears that the Agricultural Society's response to Requester's October 29, 2025, request took approximately 10 weeks, or 46 business days, to complete. This search produced over 680 pages of records with redactions throughout. Requester also introduces evidence that indicates the Agricultural Society notified him that the response to his public-records request involved consultation with legal counsel and coincided with an ongoing audit. *Req. Ev.*, p. 14; *Compl.*, p. 4 ¶ 4-5.

{¶17} On these facts, I cannot conclude that the Agricultural Society's response was unreasonably delayed. I therefore recommend that the court find that the Agricultural Society responded to Requester's public-records request in a reasonable time.

### B. Costs.

{¶18} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that Requester bear the costs of this action.

### III.    Conclusion

{¶19} Based on the above considerations, I recommend that the court:

1) Enter judgment for respondent; and

2) Order requester to bear the costs of this case.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's*

*adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


SARAH PIERCE
Special Master

**Filed June 22, 2026**
**Sent to S.C. Reporter 7/27/26**